IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| RUTH M. RAIBLE, | ) | Civil Action No. 2:14-cv-1307 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | United States District Judge |
| v. | ) | Arthur J. Schwab |
| | ) | |
| UNION SECURITY INSURANCE COMPANY, | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Plaintiff Ruth Raible's motion to remand to the Court of Common Pleas of Westmoreland County, Pennsylvania for lack of subject matter jurisdiction (ECF No. 6) be granted.

### II. REPORT

#### A. Relevant Facts[1] and Procedural History

Plaintiff was employed as a school nurse in a special education setting by Allegheny Intermediate Unit #3 at Sunrise School located in Monroeville, Pennsylvania.[2] (Compl. ¶ 4, ECF No. 1-2). Allegheny Intermediate Unit #3 is a political subdivision of the Commonwealth of Pennsylvania, and is a member of the Pennsylvania School Boards Association ("PSBA"). (Pl.'s Mot. to Remand ¶¶ 5, 7, ECF No. 6). PSBA members, such as Allegheny Intermediate Unit #3,

---

[1] The following facts are uncontested.

[2] Plaintiff explains in her motion to remand that "[t]he Intermediate Units, such as the Allegheny Intermediate Unit #3, were established by the Pennsylvania General Assembly in 1971 as regional educational service agencies under 24 P.S. § 17.1 of the Pennsylvania School Code." (Pl.'s Mot. to Remand ¶ 4, ECF No. 6).

1

can attain various insurance benefits through the Pennsylvania School Boards Association Insurance Trust ("PSBA Insurance Trust"). (*Id.* at ¶ 6-8). In this regard, Defendant Union Security Insurance Company issued a long term disability policy ("policy") to the PSBA Insurance Trust to cover eligible employees of the Allegheny Intermediate Unit, including Plaintiff. (Compl. ¶ 3, ECF No. 1-2); *see also* (Notice of Removal ¶ 4, ECF No. 1); (Policy, Supplemental Attach., ECF No. 14). Neither the PSBA nor the PSBA Insurance Trust are governmental entities. (Pl.'s Mot. to Remand ¶¶ 7-8, ECF No. 6).

In May 2013, Plaintiff ceased working due to various alleged medical symptoms and/or impairments. (Compl. ¶ 6, ECF No. 1-2). On August 25, 2013, Plaintiff filed an application for long term disability benefits under the policy, which was denied by Defendant on November 15, 2013. (*Id.* at ¶ 7). Thereafter, Plaintiff purportedly exhausted all administrative levels of appeal in regard to her denial of benefits. (*Id.* at ¶¶ 8-11).

On August 26, 2014, Plaintiff initiated this action for breach of contract as a third-party beneficiary under the policy against Defendant in the Court of Common Pleas of Westmoreland County, Pennsylvania. On September 24, 2014, Defendant filed a timely notice of removal with this Court pursuant to 28 U.S.C. § 1441, asserting that the Court has federal question jurisdiction under 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e). (Notice of Removal, ECF No. 1).[3]

On October 24, 2014, Plaintiff filed the pending motion to remand asserting that the policy falls within the "governmental plan" exemption under ERISA, and thus, the Court lacks proper federal jurisdiction. (Pl.'s Mot. to Remand, ECF No. 6). Defendant responded to the

---

[3] On January 29, 2015, the Court entered an Order requiring Defendant to file a Supplemental Attachment to its Notice of Removal because the complaint stated that the policy was attached to it, but the policy was not provided in the Notice of Removal. On February 2, 2015, Defendant complied with the Order. (ECF No. 14). According to Defendant, "the Policy was not attached to the Complaint when served on Union Security." (*Id.* at n. 1).

motion on November 6, 2014 contending that the "governmental plan" exemption is inapplicable and ERISA otherwise applies to this dispute. (Def.'s Br. in Opp'n, ECF No. 10). The matter has been fully briefed and is ripe for disposition.

**B.     Standard of Review**

Under 28 U.S.C. § 1441(a), a defendant may remove an action initiated in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1446 (establishing procedures for removal). "Absent diversity of citizenship, federal-question jurisdiction is required." *Catepillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-113 (1936)). Consequently, under the well-pleaded complaint rule, "the plaintiff is the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

Nevertheless, the "complete pre-emption doctrine" is an "independent corollary" to the well-pleaded complaint rule. *Id.* at 393. When applicable, the complete pre-emption doctrine "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* (quoting *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65 (1987)). As a result, a defendant in such a case may remove a complaint that "purports to raise only state law claims" to federal court under 28 U.S.C. § 1441 because "[it] is necessarily federal in character" and arises under the laws of the United States in accordance with 28 U.S.C. § 1331. *Id.*

3

If a plaintiff believes that the defendant's removal was defective, she may file a motion to remand the case to state court. 28 U.S.C. § 1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* "Upon a motion to remand, it is the removing party's burden to establish the existence of federal jurisdiction, and all doubts must be resolved in favor of remand." *Miller v. Liberty Mut. Group*, 97 F.Supp.2d 672, 674 (W.D.Pa. 2000) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)). "In deciding whether there is subject matter jurisdiction, affidavits and other matters outside the pleadings may be considered." *Perazzo v. Reliance Standard Life Ins. Co.*, 2001 WL 1468287, *3 (E.D.Pa. 2001) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir. 1977)).

**C.     Discussion**

"ERISA is designed to ensure the proper administration of pension and welfare plans, both during the years of the employee's active service and his or her retirement years." *Boggs v. Boggs*, 520 U.S. 833, 839 (1997). In general, ERISA broadly applies to "any employee benefit plan if it is established or maintained by an employer … or by an employee organization … representing employees engaged in commerce …" 29 U.S.C. § 1003(a)(1)(2); *see also* 29 U.S.C. § 1002(1) (defining "employee welfare benefit plan"). Notwithstanding this broad coverage, employee benefit plans that are "governmental plans" are expressly exempted under ERISA. 29 U.S.C. § 1003(b)(1). "The term 'governmental plan' means a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing …" 29 U.S.C. § 1002(32).[4]

---

[4] Although the issue is not disputed in this case, the Court notes that the Third Circuit has "endorse[d] the *NLRB* [*v. Natural Gas Utility Dist. Hawkins Cnty., Tenn.,* 402 U.S. 600 (1971)] test as the

"In exempting governmental plans from ERISA, Congress 'was concerned more with the governmental nature of public employees and public employers than with the details of how a plan was established or maintained.'" *Roy v. Teachers Ins. & Annuity Ass'n*, 878 F.2d 47, 50 (2d Cir. 1989) (quoting *Feinstein v. Lewis*, 477 F.Supp. 1256, 1260 (S.D.N.Y. 1979)); *see also Krupp v. Lincoln Univ.*, 663 F.Supp. 289, 292 (E.D.Pa. 1987) (observing that Congress intended the "governmental plan" exemption to apply to municipal and state employees). Although the Court has not found any precedent in the Third Circuit interpreting the term "established" under 29 U.S.C. § 1002(32), other Circuits have constructed "established" broadly. *See, e.g., Gualandi v. Adams*, 385 F.3d 236, 243 (2d Cir. 2004). The Ninth Circuit has held that a government employer can establish a plan for its employees by purchasing a "plan offered and administered by a private insurer," and there is no requirement that the government "directly fund the plan." *Silvera v. Mutual Life Ins. Co. of N.Y.*, 884 F.2d 423, 425-427 (9th Cir. 1989) (citing *Gordon v. Bay Cnty Metro. Transit Auth.*, 860 F.2d 1079 (Table) (6th Cir. 1988); *Dyer v. Investors Life Ins. Co. of North America,* 728 S.W.2d 478, 480 (Tex. App. 1987)). Additionally, the Second Circuit has held that a "governmental plan" can be "established" if the government employer exclusively funds the plan for its employees. *Gualandi*, 385 F.3d at 243-244 (citing *Fromm v. Principal Health Care of Iowa, Inc.*, 244 F.3d 652, 653-654 (8th Cir. 2001); *Silvera v. Mut. Life Ins. Co. of N.Y.*, 884 F.2d at 425-427; *Feinstein*, 447 F.Supp. at 1260).

In opposing Plaintiff's motion to remand, Defendant contends that the "governmental plan" exemption is inapplicable because the PSBA Insurance Trust, which the parties agree is a non-governmental entity, is the Policyholder. (Def.'s Br. in Opp'n at 1, 3, 6, ECF No. 10). Defendant does not dispute that Plaintiff's employer, the Allegheny Intermediate #3, is a

---

appropriate analysis to apply in determining whether a state-affiliated entity is a 'political subdivision' of the state for purposes of 29 U.S.C. § 1002(32)." *Koval v. Washington Cnty. Redevelopment Auth.*, 574 F.3d 238, 241 (3d Cir. 2009).

political subdivision of the Commonwealth of Pennsylvania. Rather, it argues that Allegheny Intermediate Unit #3's status as a political subdivision "is irrelevant … because it did not sponsor the Plan." (*Id.* at 3). However, Defendant cites no authority to conclude that a government employer cannot "establish or maintain" a plan for its employees if it is not the Policyholder. Defendant acknowledges that the policy was entered into for the benefit of Allegheny Intermediate Unit #3's employees, *see id*, and does not refute Plaintiff's assertions in her motion to remand that the policy was "procured" and "purchased" by Allegheny Intermediate Unit #3 for its employees through the PSBA Insurance Trust. *See* (Compl. ¶¶ 3-4, ECF No. 1-2); (Pl.'s Mot. to Remand ¶¶ 6-8).

Moreover, the Court notes that the policy itself lists Allegheny Intermediate Unit #3 on the cover page, and designates that Allegheny Intermediate Unit #3 is a "Participating Employer" on the Certificate of Group Insurance page. (Policy, Supplemental Attach. at 2, 4, ECF No. 1-2). "Participating employer" is defined in the policy as "an employer who has met all the eligibility requirements." (*Id.* at 9). The policy is further restricted to cover only employees of Allegheny Intermediate Unit #3. *See Gualandi*, 385 F.3d at 244 (a governmental plan is established for "its employees" within the meaning of 29 U.S.C. § 1002(32) if only the governmental entity's employees are allowed to participate in the plan).

Accordingly, given the non-binding but persuasive precedent from other Circuits broadly construing "established" under the definition of "governmental plan" as set forth above, along with Defendant failing to refute that Allegheny Intermediate Unit # 3 purchased the plan for the exclusive benefit of its employees through the PSBA Insurance Trust and the fact that the Allegheny Intermediate Unit #3 is a "participating employer" under the policy, Defendant has not demonstrated that Allegheny Intermediate Unit #3 did not "establish or maintain" the policy

6

for its employees despite the PSBA Insurance Trust being the Policyholder. Therefore, Defendant has not carried its burden in proving that the "governmental plan" exemption is inapplicable to this matter, and Plaintiff's motion to remand should be granted. *See Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (the removing party bears the burden of establishing that the court has subject matter jurisdiction); *Koval v. Washington Cnty Redevelopment Auth.*, 574 F.3d 238, 244 (3d Cir. 2009) (when the "governmental plan" exemption applies, the court does not have subject matter jurisdiction).

### D. Conclusion

Based on the foregoing, it is respectfully recommended that the Plaintiff's motion to remand to the Court of Common Pleas of Westmoreland County, Pennsylvania be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court regarding Magistrate Judges, Objections to this Report and Recommendation are due by <u>February 19, 2015</u>. Failure to timely file Objections will constitute waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: February 5, 2015.                                By the Court:

<u>s/ Cynthia Reed Eddy</u>
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF